Welch, J.
The case involves but a single question: Which of the disputed lines is established by the deed of Price ? That deed contains two calls for the division line. One of them which is a call for distance — 306 and 286 rods from the *north line of the survey; and, if adhered to, it establishes the southern line, as claimed by Price. The other call is for corners and a line by name —the corners and line of “ 325 acres of Moncure ” — and, if it is to prevail, then the northern line, as claimed by Calhoun, is the true boundary lino. These calls are directly repugnant. One or the other must be rejected. Which shall it be ?
It is said that this is a case for the application of the rule, that the words of a deed-poll must be taken strongest against the grantor. I think not. The deed must be construed in the light of its surroundings. One of these surroundings is the deed made two months before, by Price to Moncuro, for the 325 acres. This latter deed is not only a circumstance to be looked to, with other circumstances, as throwing light on the meaning of the parties to the deed to Price, but it is, in effect, referred to in the latter deed, and made part of it by the call for the corners and north line of the “ 325-acre tract ” described in it. The two deeds must be construed together as an indenture, and not as a deed-poll. They are inseparable, so far as this question is concerned. They are deeds between the same parties, and are, in the strictest sense, deeds in pari materia. We must adopt such a construction of each, as will make the parties consistent with themselves throughout. They had but a single intent as to the location of this dividing line, and that intent must have been the same at the execution of both deeds. They did not intend to fix two lines, or to convey the 50 acres between the *93 disputed lines twice — first from Price to Mon cure, and then back again to Price. This is rendered evident by the call, in the deed to Price, for the corners and lino of Moncure’s 325 acres. They did not, in other words, change their mincls as to the location of the line, between the execution of the two deeds. They made a mistake, but they never discovered the mistake until after the execution of both deeds : and the simple question now is, in which deed was that mistake made ? Or, assuming it to have been a mistake in the deed to Price, as it must have been, was it a mistake in distance, or a mistake in naming Mon cure’s line?
It is to be observed, that there is no repugnancy in the *deed to Moncure. The line in dispute is fixed in that deed with absolute certainty at the distances of 120 and 140 rods, respectively, from the southwest and southeast corners. That is certain which can be made certain; and, therefore, these distances fix the lino with as much certainty as if the deed had called for natural objects upon the line, or for the stakes and marks afterward put upon it by Price.
Indeed, there is not only nothing in the deed repugnant to these calls for distance, but the call for 325 acres is, in effect, a duplicate call for the same line; for that is the precise quantity in Moncure’s tract, if the dimensions are correctly given in the deed. It is true the deed says 325 acres, “ more or less.” The words “ more or less,” however, should be referred to the known inaccuracy of original surveys, and not to any supposed uncertainty in so plain an arithmetical calculation, But be that as it may, there is no repugnancy in the deed to Moncure. It is consistent with itself, and, construed by itself, it undeniably covers the fifty acres of land in dispute. Such being its construction, it is only necessary to say that that construction could not be changed by the subsequent execution of a deed to Price. The only effect of the latter deed, so far as the fifty acres were concerned, would be to reconvoy the land to Price. As I have said, that can not be its effect, for it refers to a line and corners of Moncure, which, though still open, were certain as any demonstration in Euclid, and had been so made certain by the parties themselves. They intended to adopt that line, wherever it might fall. If they had simply said so, and said no more, all would have been consistent throughout. But they said one thing more. They undertook to give the distance of that line from the north line of the survey, and, in that, made a mistake of twenty rods. That mistaken *94 call for twenty rods must be rejected, and all else in both deeds will stand. If we retain that call, and fix the line by it, then we must reject much more — the call for Moncure’s line in the same, and both the calls, for distance and for quantity, in the deed to Moncure; or we must come to the absurd conclusion indicated, that the parties meant to convey the same land twice.
The case in 1 J: J. Marshall (447), relied upon by counsel for ^defendant, differs from the present case in three essential particulars : 1. The repugnancy'in that case was between a call for distance in locating a, particular line, and the general location of the tract itself. Here the repugnancy is between two calls for the same particular line, one locating it by its distance, and the other by its name. 2. The line called for in the case in J. J. Marshall, had not been previously fixed by the parties themselves. Here the line had been so fixed by the deed to Moncure, and is called for eo nomine, as “ the line” of the 325-acre tract. It is called for as a still subsisting line, and in a way which as unmistakably'shows it to have been previously agreed upon and fixed by the former deed, as if the fact had been asserted in so many1,words. 3. In the case in J. J. Marshall, the deed merely calls for a line of the adjacent tract, without giving the ownership of the tract. Here the call is for the line and stakes of “a tract of 325 acres of Moncure.” What does that mean? It means that Moncuro still owns up’ to that line. It means that the Móncuro line, as heretofore fixed, wherever that line may fall, shall be the dividing boundary: It means that the' parties have already fixed that line, and are still satisfied with 'it, and that the land south of it is still the land “of Moncure.” Under the circumstances, it can not reasonably be held to ’mean less.
This is a stronger case for an' interpretation rejecting the call for distance, than the case of Nash v. Atherton, 10 Ohio, 164. There the call was for a corner of land owned 'by a third person, and, as in the present case, no survey had fixed the corner so called for. Subsequently a survey established the corner at a different place than that at which the parties supposed it to' be, and from which they made their measurement at the date of the deed. Yet the court rejected the call for distance, and held the parties bound by the corner as subsequently established.
This decision is not at all in conflict with the case of Galloway v. Brown, 16 Ohio, 428. The syllabus in that case very imperfectly states the opinion of the court. The corner and 'line called for there *95 were subsequently removed, and the *court merely held that the parties were not bound to follow them to their new location.
It should be observed, also, that the contemporaneous acts of the parties corroborate the construction we put upon this deed. Immediately upon the execution of the deeds, and for a long time thereafter, they regarded the line marked by Price as the true line. Whether these acts of recognition of that line are of a nature to estop the parties from denying it to be the true line, as counsel have argued, we need not decide. We hold that it is the line fixed by the deed to Price, upon any fair and legitimate construction of that deed, in the light of the surrounding circumstances.
Judgment of the district court reversed, and judgment of the common pleas affirmed.
Day, C. J., and White, Brinkerhoef, and Scott, JJ., concurred.